UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTIAN CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02556-JMS-TAB |
| | ) | |
| SEVIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT

Plaintiff Christian Cain, an inmate at New Castle Correctional Facility ("NCCF") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging claims of excessive force and deliberate indifference against Warden Sevier, Sgt. Seye, Ofc. Sanchez, Ofc. Cyberski (collectively, "NCCF Defendants") and claims of medical deliberate indifference against Dr. Nwannunu for inadequate treatment of his resulting injuries. The defendants have all moved for summary judgment arguing that Mr. Cain failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. Dkts. 30, 34. Mr. Cain has filed no response to the defendants' motions. For the following reasons, the defendants' unopposed motions for summary judgment, dkts. [30], [34] are **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.

## I.
## Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a

matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Defendants have met that burden through their unopposed motions for summary judgment. Mr. Cain failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and

2

identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). Here, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Cain] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is

required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III.
### Factual Background

Because Defendants have moved for summary judgment, the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

### A.  Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 36-1 at 1-2. Each offender is advised of the Offender Grievance Process during admission and orientation, and copies of the policy or instructions on how to access a copy are provided. *Id.* at 5. The grievance procedures at NCCF are available to all inmates at all times, including when they are in restrictive housing or in the infirmary. *Id.*

During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3.

An inmate who wishes to submit a formal grievance must submit a completed grievance form (State Form 45471) to the grievance specialist. *Id*. at 3. Once a formal grievance is accepted, t is recorded in a computer system and visible on the inmate's grievance history. *Id*. A grievance specialist has fifteen business days to issue a response to a formal grievance. *Id*. If an inmate is dissatisfied with the grievance specialist's response, he must appeal the decision by submitting a grievance appeal (State Form 56285) to the facility's warden or designee. *Id*. at 4. If an inmate is dissatisfied with the response to the grievance appeal, he must appeal that decision by filing a

4

grievance appeal (State Form 45473) to the grievance manager. *Id*. The decision of the grievance manager is final and marks the conclusion of the grievance process. *Id*. at 5. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id*.

### B. Mr. Cain's Participation in the Grievance Process

NCCF records all accepted grievance documents filed by inmates as well as all the responses and appeals issued by staff.  Dkt. 31-1 at 1-2; dkt. 36-1 at 1-2 (Offender Grievance Coordinator Affidavits). Mr. Cain's grievance history report reflects that he submitted no grievances with respect to any deliberate indifference by Dr. Nwannunu. He submitted only one formal grievance ("First-Level Grievance") (Case Log #110095) with respect to his excessive force and deliberate indifference claims against the State Defendants, and did not submit any appeals to the warden or designee ("Second-Level Grievance Appeals") or appeals to the offender grievance manager ("Third-Level Grievance Appeals") of that grievance.  *See* dkts. 31-1 at 6; 36-1 at 5-6; *see also* dkt. 31-3 (Grievance History Report).

### IV.
### DISCUSSION

Defendants seek summary judgment arguing that Mr. Cain failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*

*v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese,* 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, the undisputed evidence demonstrates that Mr. Cain did not file a First-Level Grievance against Dr. Nwannunu before filing this action. Dkt. 31-1 at 6. He also did not pursue his grievance against the NCCF Defendants beyond the First-Level Grievance stage. Dkt. 36-1 at 5-6. Therefore, he failed to complete even the first step in the offender grievance process and did not exhaust his administrative remedies.

Accordingly, because Mr. Cain failed to exhaust his available administrative remedies prior to bringing this action, his claims must be dismissed without prejudice. *Ford,* 362 F.3d at 401 (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## V.
## CONCLUSION

For the reasons explained above, the defendants' motions for summary judgment, dkts. [30], [34] are **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/8/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

6

Distribution:

CHRISTIAN CAIN
245482
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Michael Roth
EICHHORN & EICHHORN LLP (Indianapolis)
mroth@eichhorn-law.com